No. 87,720

In the Matter of GEORGE A. GRONEMAN, *Respondent*.

(38 P.3d 735)

Opinion filed January 25, 2002.

*Edward G. Collister, Jr.*, examiner, argued the cause for the Commission on Judicial Qualifications.

*John J. Ambrosio*, of Topeka, argued the cause for respondent, and *George A. Groneman*, respondent, appeared pro se.

*Per Curiam*: This is an original proceeding relating to judicial conduct against the respondent, George A. Groneman, District Judge of Wyandotte County, Kansas. In a formal proceeding before the Commission on Judicial Qualifications, the respondent was charged with violating the provisions of Canons 1 (2001 Kan. Ct. R. Annot. 489); 2A and 2B (2001 Kan. Ct. R. Annot. 489); and 3C(1), (2), and (4) (2001 Kan. Ct. R. Annot. 491) of the Rules of the Supreme Court Relating to Judicial Conduct, as set out in Rule 601A of the Rules of the Kansas Supreme Court. The respondent stipulated to violations of the above Canons.

Based on its findings and conclusions, the Commission recommended that the respondent be (1) publically censured, (2) required to repay the sum of $1,047.95 to the State of Kansas; (3) pay the costs of this action; and (4) author a letter to be mailed to all judges of general jurisdiction in the state judicial system and all full-time judges who are part of the state judicial system apologizing for the mistakes he made resulting in the admitted ethical violations and urging each judicial officer to pay utmost attention to administrative rules and regulations, particularly personnel rules, as well as normal adjudicative duties of the office.

The respondent has stipulated to the facts and urges this court to follow the recommendations of the Commission on Judicial Qualifications. We therefore have no issues of fact or law.

In pertinent part, the Notice of Formal Proceedings states:

"It is alleged that Respondent, the Honorable George A. Groneman, who was at the time a district judge of the 29th Judicial District, did engage in certain conduct which conduct violated the provisions of Canons 1; 2A; 2B; and

3C(1),(2),(4) of the Rules of the Supreme Court Relating to Judicial Conduct, as set out in Rule 601A of the Rules of the Kansas Supreme Court which provide, *inter alia*:

### "Canon 1

'A judge shall uphold the integrity and independence of the judiciary.
'A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe these standards so that the integrity and independence of the judiciary will be observed."

### "Canon 2

'A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities.
'A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
'B. A judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; . . .'

### "Canon 3

'A judge shall perform the duties of judicial office impartially and diligently.
'C. Administrative Responsibilities.
'(1) A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business.
'(2) A judge shall require staff, court officials and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias or prejudice in the performance of their official duties.
'(4) . . . A judge shall not approve compensation of appointees beyond the fair value of services rendered.'

"It is alleged that in violation of the foregoing Canons, Respondent, at the times set out below, did engage in inappropriate conduct. The factual allegations relevant to such conduct include the following.

"1. At all times relevant hereto, Respondent was a Judge of the 29th Judicial District, Division 7, District Court, Kansas City, Kansas.

"2. Commencing May 18, 1997, Debra Massey was appointed administrative assistant to Respondent.

"3. Commencing in September, 1998, Respondent allowed his administrative assistant, Debra Massey, to accept and work at a second job other than that as administrative assistant for Respondent, to-wit: employment with the Kansas

Turnpike Authority, and to work at said second job employment at times that conflicted with performance of her duties as administrative assistant to the Court.

"4. This dual employment situation existed from September, 1998, through October 20, 1999, and Debra Massey in fact was employed by the Kansas Turnpike Authority and paid by the Kansas Turnpike Authority for hours worked at various times between September, 1998, and October 20, 1999, but which conflicted with her obligations and performance of her duties as administrative assistant to Respondent.

"5. During the times referenced herein in paragraphs 3 and 4 hereof, Respondent violated Personnel Rules 5.13 and 9.1 of the Kansas Judicial Branch by knowingly permitting Debra Massey to be employed at times with and compensated for the hours worked, by said Turnpike Authority, and in addition to be paid by the Judicial Branch of the State of Kansas, for the same hours.

"6. Concerning the times in question and the actions of said Debra Massey, as alleged in paragraphs 3 and 4 hereof, Respondent signed documents known as State of Kansas, Time and Leave Documents, required in the administration of personnel of the Judicial Branch, State of Kansas, that falsely claimed or represented that said Debra Massey was working at her Judicial Branch employment as Respondent's administrative assistant, at times when she was, in fact, working at the Kansas Turnpike Authority, as set forth previously.

"7. Respondent, concerning the documents referred to in paragraph 6 hereof, did indicate by his approval as Debra Massey's supervisor, that she was in fact working for the Judicial Branch of government, at times set forth in paragraphs 3 and 4 hereof when she was in fact not so actively employed, but was instead working for the Kansas Turnpike Authority."

The Commission on Judicial Qualifications then issued the following order:

"NOW, on this 30th day of August 2001, comes on for hearing the above referenced proceeding. Respondent appears in person and by his counsel, John J. Ambrosio and Kathleen Downey Ambrosio, his attorneys of record; and Edward G. Collister, Jr., appearing as Examiner for the Commission on Judicial Qualifications to present evidence in support of the Notice of Formal Proceedings.

"Whereupon, after the hearing opened, counsel advised the panel that, prior to commencing the record, counsel and Respondent agreed to recommend to the hearing panel as among counsel and Respondent as follows:

"(a) The proceeding may be submitted to the panel as to factual matters on a stipulation as to facts and exhibits constituting documentary evidence previously agreed upon and submitted to the individual panel members;

"(b) Two additional exhibits may be received by agreement, to-wit: an exhibit marked Joint Exhibit #8, constituting excerpts of the preliminary hearing testimony of Respondent in Wyandotte County District Court Case No. 00 CR 1209 and excerpts of testimony of Respondent in Wyandotte County District Court

Case No. 00 CR 1209; and Joint Exhibit #9, Respondent's mitigation evidence consisting of 28 Affidavits submitted on behalf of Respondent addressing only the issue of mitigation;

"(c) Respondent admits there are ethical violations based on the stipulated evidence as alleged in the Notice of Formal Proceedings; and

"(d) A recommended disposition jointly submitted by counsel and Respondent should consist of: (1) public censure as authorized by Rule 620(a) of the Rules of the Supreme Court Relating to Judicial Conduct; (2) Respondent's agreement to repay to the State of Kansas the sum of $1,047.95, as itemized in Joint Exhibit #2; (3) Respondent to pay the costs of the action; and (4) Respondent to author a letter to be written to all judges of general jurisdiction in the state judicial system and all full-time judges who are part of the state judicial system apologizing for the mistakes that he made resulting in the admitted ethical violations and urging each judicial officer to pay utmost attention to administrative rules and regulations, particularly personnel rules, as well as normal adjudicative duties of the office.

"Whereupon, the Chair of the hearing panel, Hon. Theodore B. Ice, announced that the panel members having been apprised of the stipulations between counsel previously identified, and having had the opportunity to review significant portions of the stipulated evidence prior to today's hearing, had determined while in recess to accept the recommended resolution made by the parties and to enter an order reflecting its recommendations to the Supreme Court pursuant to Rule 620(a) accordingly.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

"1. The Stipulation signed by counsel establishing facts and admissibility of factual exhibits is approved and received and filed, thus determining the factual basis upon which this case is presented.

"2. Proffered Exhibits #1, #2, #3, #4, #6, #7, #8, and #9 offered at the hearing should be received pursuant to stipulation and admitted into evidence. It should be noted that the Exhibits mentioned in paragraphs 19, 22 and 23 of the written Stipulation referred to previously were not offered at the hearing and therefore are not part of the record.

"3. The facts established by the evidence submitted to the hearing panel establish by a clear and convincing standard of proof the accuracy of the factual allegations of the Notice of Formal Proceedings as pled.

"4. Based upon the factual determinations arrived at as set forth previously, the hearing panel finds that violations of the Canons of Judicial Conduct as adopted by the Kansas Supreme Court have occurred as pled in the Notice of Formal Proceedings. The conclusions of law include the following: violations of Canons 1, 2A, 2B, and 3C(1), (2), and (4).

"5. As to discipline, the hearing panel of the Commission on Judicial Qualifications recommends the discipline of public censure, restitution of the amount of $1,047.95 to be paid by Respondent forthwith, payment of the costs of the action

by Respondent, and the authoring and mailing of a letter to all judges of general jurisdiction in the state judicial system and all full-time judges who are part of the state judicial system apologizing for the mistakes that Respondent made resulting in the admission of ethical violations and urging each judicial officer to pay utmost attention to administrative rules and regulations, particularly personnel rules, as well as normal adjudicative duties of the office of judge."

The court adopts the above order as its own.

In *In re Handy*, 254 Kan. 581, 598, 867 P.2d 341 (1994), this court stated:

"Public confidence in the judicial system is eroded by irresponsible and improper conduct by judges. We have concluded that respondent's act constituted violations of the Canons of Judicial Conduct, as set forth above. The acts of respondent are inimical to and incompatible with the high standards of conduct imposed on members of the judiciary."

While we are not bound by the recommendations of the Commission on Judicial Qualifications, the conduct of the respondent merits discipline no less substantial than that recommended by the Commission.

We therefore publically censure George A. Groneman, and he is directed to pay the costs of this proceeding. He has heretofore complied with reimbursing the State of Kansas for the money paid to the employee by the State of Kansas when the employee should have been working for the State of Kansas and has written and mailed a letter to all the judges in the state of Kansas in compliance with the above order.

This order shall be published in the official Kansas Reports and shall constitute the public record in this matter.

IT IS SO ORDERED.

DAVIS, J., not participating.

RULON, C.J., assigned.